## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

HELEN FOSTER
5529 Roan Chapel Drive,
Haymarket, VA 20169,

         Plaintiff,

   v.

U.S. DEPARTMENT OF HOUSING
AND URBAN DEVELOPMENT
451 7th St SW
Washington, DC  20410

        Defendant.

Civil Action No. _____

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
## TO OBTAIN FREEDOM OF INFORMATION ACT INFORMATION

## I.  INTRODUCTION

This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq.*, as amended for injunctive and other appropriate relief and seeking the disclosure of agency records pertaining to Helen Foster that the U.S. Department of Housing and Urban Development ("HUD") has improperly withheld from her.  Specifically, Plaintiff seeks an order requiring HUD to provide documents and information responsive to one FOIA request that Plaintiff submitted on March 20, 2018 and two submitted on May 31, 2018 (the "FOIA Requests").  The agency has failed to conclude its production for two of Plaintiff's FOIA Requests, and has not produced any documents for the remaining requests.  Plaintiff thus seeks an order requiring HUD to conduct a reasonable search for documents responsive to the FOIA Requests, to produce such

documents within 20 days, and to release all documents the agency may release in accordance with FOIA.

## II. JURISDICTION AND VENUE

1.      This Court has jurisdiction pursuant to 5 U.S.C. § 552 (2005).

2.      Venue is proper under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e), as the agency resides in Washington, D.C. and most agency records to which Plaintiff seeks access are located in Washington, D.C.

## III. PARTIES

3.      Plaintiff, Helen Foster, was an employee in the Senior Executive Service at HUD from July 11, 2016 until June 26, 2018.

4.      Defendant, the U.S. Department of Housing and Urban Development, is an agency of the United States government, located at 451 7th St. SW, Washington, DC 20410.

## IV. FACTS

5.      On March 20, 2018, Plaintiff submitted a request to HUD under the FOIA and the Privacy Act requesting photographs of, and email records purported to be authored by, Plaintiff, which were disclosed by HUD officials to representatives of the media during the time period February 22, 2018 – March 16, 2018, labeled FOIA Request 18-01193 (the "Emails/Photographs Request").

6.      Plaintiff's Emails/Photographs Request specifically requested (1) any photographs or other images of Plaintiff communicated to any other party outside of HUD for any purpose; and (2) any email or other documents, purported to be authored by Plaintiff, communicated outside of HUD by current specific HUD employees (to include Raffi Williams, Jerry Brown, Andrew Hughes, Deana Bass, Paula Lincoln, Laura McClure, Patricia Hoban-Moore), or any

other employees in the Office of Public Affairs or Office of Congressional and

Intergovernmental Relations.

7.      On May 31, 2018, Plaintiff submitted a request to HUD under the FOIA and the

Privacy Act requesting all records from HUD related to HUD's response to a request for

information by the U.S. Congress House Committee on Oversight and Government Reform

("HOGR"), dated February 28, 2018, labeled FOIA Request 18-01624 (the "HOGR Request").

8.      Plaintiff's HOGR Request specifically requested from HUD (1) any and all

materials, documents, records, or communications collected in response to questions 1 and 2 of

Chairman Gowdy and the House Committee on Oversight and Government Reform Committee's

requests for information, dated February 28, 2018; (2) complete calendars (with attachments) for

HUD employee Raffi Williams; (3) all briefing bullets, memos, talking points, or other

documents prepared for or used by Raffi Williams in preparation for any communication or

encounter with Congressional Staff, members of the press, members of Congress, and or/the

Office of Inspector General regarding Plaintiff, the Office of Administration, any allegations

made by Plaintiff, or any other aspect of the above-referenced inquiry by the House Committee

on Oversight and Government Reform; and (4) any and all briefing bullets, memos, talking

points, or other documents prepared for or used by Secretary Carson in preparation for any

communication or encounter with Congressional Staff, members of the press, members of

Congress, and or/the Office of Inspector General regarding Plaintiff, the Office of

Administration, any allegations made by Plaintiff, or any other aspect of the above-referenced

inquiry by the House Committee on Oversight and Government Reform.

9.      On May 31, 2018, Plaintiff submitted a request to HUD under the FOIA and the

Privacy Act requesting all records from HUD related to a "management inquiry" of allegations of

hostile work environment made about Plaintiff and conducted in November of 2017 by Departmental Enforcement Center investigators, labeled FOIA Request 18-01626 (the "Management Inquiry Request").

### FOIA REQUEST 18-01193—EMAIL/PHOTOGRAPHS REQUEST

10.     On March 26, 2018, Plaintiff received a letter of acknowledgement stating HUD was in receipt of the Emails/Photographs Request, for which they had 20 days to provide a complete response in accordance with the law.

11.     On May 30, 2018, Plaintiff received an interim partial response that included one email thread of an exchange between HUD employees Jerry Brown and Raffi Williams, and a reporter from Politico.

12.     On June 15, 2018, Plaintiff received a second interim partial response, which included only the photographs requested in Plaintiff's Emails/Photographs Request.

13.     HUD has failed to conduct a search for, or to produce, any additional responsive records requested in Plaintiff's Email/Photographs Request, for more than 1 year, and Plaintiff has not received any correspondence indicating that HUD's response to Plaintiff's Email/Photographs Request is complete.

### FOIA REQUEST 18-01624—HOGR REQUEST

14.     On June 1, 2018, Plaintiff received a letter of acknowledgement stating HUD was in receipt of Plaintiff's HOGR Request, for which they had 20 days to provide a complete response in accordance with the law.

15.     On April 30, 2019, almost a year after her request, Plaintiff received a partial interim response to the HOGR Request, including a portion of the documents responsive to item (1) of the request.

16.     In May and June, 2019, Plaintiff received 5 additional partial interim responses to HOGR Request, all including a portion of the documents responsive to item (1) of the request.

17.     HUD made at least 16 separate productions to the U.S. Congress HOGR in response to the Committee's February 28, 2018 request for information.

18.     Even though these documents were released by the agency to Congress more than 6 months ago, HUD has failed to produce the vast majority of those same documents to Plaintiff in response to part (1) of Plaintiff's HOGR Request.

19.     HUD has failed to conduct a search for, or to produce, any additional responsive records requested in parts (2), (3), or (4) of Plaintiff's HOGR Request for more than 1 year, and Plaintiff has not received any correspondence indicating that HUD's response to the Plaintiff's HOGR Request is complete.

### FOIA REQUEST 18-01626—MANAGEMENT INQUIRY REQUEST

20.     On June 1, 2018, Plaintiff received a letter of acknowledgement stating HUD was in receipt of plaintiff's Management Inquiry Request, for which they had 20 days to provide a complete response in accordance with the law.

21.     On June 14, 2018, Plaintiff received correspondence from HUD acknowledging receipt of Plaintiff's Management Inquiry Request.

22.     In an email dated June 25, 2018, HUD informed Plaintiff that they were unable to answer the request within the statutory period and would need an extension until July 13, 2018.

23.     In an email dated July 12, 2018, HUD informed Plaintiff that they were unable to provide an interim response by July 13, 2018 and would send it "as soon as possible."

24.     In an email dated January 28, 2019, HUD informed Plaintiff that FOIA operations had resumed after the government shutdown and that they would continue processing her

requests and provide her with a revised due date for response to Plaintiff's Management Inquiry Request.

25.     HUD has failed to conduct a search for, or to produce, any responsive records requested by Plaintiff's Management Inquiry Request for more than 1 year.

## V.  CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF—FAILURE TO SEARCH FOR AND DISCLOSE RESPONSIVE RECORDS

26.     Plaintiff restates and reincorporates all paragraphs above as if fully set forth herein.

27.     Plaintiff filed FOIA Request 18-01193, the Emails/Photographs Request, with HUD under FOIA on March 20, 2018.

28.     Although 5 U.S.C. § 552(a)(6)(A)(i) requires HUD to issue a full response to Plaintiff's Email/Photographs request within 20 working days after receipt, with at most one 10-working-day extension under 5 U.S.C. § 552(a)(6)(B), HUD has failed to disclose the entirety of the responsive records in compliance with FOIA.

29.     Plaintiff has a statutory right to the agency records it requested from HUD under the FOIA, and there is no legal basis for HUD to withhold the records.

30.     Because HUD has not fully responded within the statutory time limit, Plaintiff has exhausted her administrative remedies and may bring suit under 5 U.S.C. § 552(a)(6)(C).

31.     Although HUD was required to make a good faith effort to conduct a search for the requested records, using methods that can reasonably be expected to identify responsive records, HUD failed to conduct such a reasonable search for documents responsive to the request.  Specifically, HUD has acknowledged the existence of records responsive to the Emails/Photographs Request, as properly construed, but has not produced those records.

32.     HUD's failure to fully act on Plaintiff's FOIA Requests violates its statutory

obligation to make agency records available under 5 U.S.C. § 552(a)(6).

33.     HUD's failure to act on Plaintiff's FOIA Requests violates the statutory time

limits set forth in 5 U.S.C. § 552(a)(6) for responding to Plaintiff's FOIA Requests.

34.     As a result of these actions, HUD violated the FOIA by denying Plaintiff access to

records to which Plaintiff was entitled.

**SECOND CLAIM FOR RELIEF—FAILURE TO SEARCH FOR
AND DISCLOSE RESPONSIVE RECORDS**

35.     Plaintiff restates and reincorporates all paragraphs above as if fully set forth

herein.

36.     Plaintiff filed HUD FOIA Request 18-01624, the HOGR Request, with HUD

under FOIA on May 31, 2018.

37.     Although 5 U.S.C. § 552(a)(6)(A)(i) requires HUD to issue a full response to

Plaintiff's HOGR Request within 20 working days after receipt, with at most one 10-working-

day extension under 5 U.S.C. § 552(a)(6)(B), HUD has failed to disclose the entirety of the

responsive records in compliance with FOIA.

38.     Plaintiff has a statutory right to the agency records it requested from HUD under

the FOIA, and there is no legal basis for HUD to withhold the records.

39.     Because HUD has not responded within the statutory time limit, Plaintiff has

exhausted her administrative remedies and may bring suit under 5 U.S.C. § 552(a)(6)(C).

40.     Although HUD was required to make a good faith effort to conduct a search for

the requested records, using methods that can reasonably be expected to identify responsive

records, HUD failed to conduct such a reasonable search for documents responsive to the

request.

41.     HUD's failure to act on Plaintiff's FOIA Requests violates its statutory obligation to make agency records available under 5 U.S.C. § 552(a)(6).

42.     HUD's failure to act on Plaintiff's FOIA Requests violates the statutory time limits set forth in 5 U.S.C. § 552(a)(6) for responding to Plaintiff's FOIA Requests.

43.     As a result of these actions, HUD violated the FOIA by denying Plaintiff access to records to which Plaintiff was entitled.

**THIRD CLAIM FOR RELIEF—FAILURE TO SEARCH FOR
AND DISCLOSE RESPONSIVE RECORDS**

44.     Plaintiff restates and reincorporates all paragraphs above as if fully set forth herein.

45.     Plaintiff filed HUD FOIA Request 18-01626, the Management Inquiry Request, with HUD under FOIA on March 31, 2018.

46.     Although 5 U.S.C. § 552(a)(6)(A)(i) requires HUD to issue a full response to Plaintiff's Management Inquiry Request within 20 working days after receipt, with at most one 10-working-day extension under 5 U.S.C. § 552(a)(6)(B), HUD has failed to disclose the responsive records in compliance with FOIA.

47.     Plaintiff has a statutory right to the agency records it requested from HUD under the FOIA, and there is no legal basis for HUD to withhold the records.

48.     Because HUD has not responded within the statutory time limit, Plaintiff has exhausted her administrative remedies and may bring suit under 5 U.S.C. § 552(a)(6)(C).

49.     Although HUD was required to make a good faith effort to conduct a search for the requested records, using methods that can reasonably be expected to identify responsive records, HUD failed to conduct such a reasonable search for documents responsive to the request.

50.     HUD's failure to act on Plaintiff's FOIA Requests violates its statutory obligation to make agency records available under 5 U.S.C. § 552(a)(6).

51.     HUD's failure to act on Plaintiff's FOIA Requests violates the statutory time limits set forth in 5 U.S.C. § 552(a)(6) for responding to Plaintiff's FOIA Requests.

52.     As a result of these actions, HUD violated the FOIA by denying Plaintiff access to records to which Plaintiff was entitled.

## RELIEF

WHEREFORE, Plaintiff prays for an order expediting proceedings on this Complaint and for judgment:

1.     Declaring that the agency's failure to disclose the records Plaintiff requested is unlawful;

2.     Enjoining the agency from withholding the requested records;

3.     Ordering the agency to conduct a prompt, reasonable search for the requested records;

4.     Ordering the agency to make the requested records available to Plaintiff within 20 days of the order;

5.     Awarding Plaintiff's costs and reasonable attorneys' fees in this action under 5 U.S.C. § 552(a)(4)(E); and

6.     Granting such other and further relief as is just and proper.

Dated:  September 13, 2019

Respectfully submitted,

DAVIS WRIGHT TREMAINE LLP

By: _____/s/  Ronald G. London_____
    Ronald G. London (DC Bar No. 456284)
    1919 Pennsylvania Avenue, NW, Suite 800
    Washington, DC  20006
    Ph.: 202-973-4200; Fax: 202-973-4499
    ronnielondon@dwt.com

*Attorneys for Plaintiff Helen Foster*